O’Neai.i,, J.
delivered the opinion of the Court.
In this case, two questions were made in the Court below, and are renewed on the appeal. 1st. Did the proof establish a contract to pay, on the part of the intestate, for the support and maintenance of his wife by the plaintiff? 2d. If so, was there sufficient evidence of a new promise to take the case out of the statute of limitations ?
The husband is liable for the maintenance of his wife, where he compels her by ill usage to leave his house; and if the plaintiff had been a stranger, and under the circumstances stated had *310 afforded her maintenance, the law would have implied a promise-on the part of the husband to pay it. The relationship which the plaintiff bore to the intestate and his wife^^ough not enough in itself to negative the legal implication arising from the husband’s liability to pay for his wife’s maintenance, yet connected with the other facts, goes very far to shew, that the plaintiff never intended to charge for her board. She lived with the plaintiff, and others of her children, but resided longer with him than the rest. Ten years intervened between her death and the institution of this suit, during which time no demand of payment from the intestate, or any conversation between him and the plaintiff on this subject was proved. All the admissions of the deceased, given in evidence, were to persons other than the plaintiff, and these did not speak of it as a subsisting debt, but as a meritorious act, for which the intestate intended to compensate him, by giving to his daughter a larger portion of his estate, than his other children.
It is perfectly obvious from this statement, that neither the plaintiff or intestate ever supposed that this constituted a debt due by the latter to the former, but that it was regarded by the deceased as an act of kindness done by his son-in-law, for which he ought to make him some compensation in the distribution of his estate, and that the plaintiff was willing to rely, not upon the legal liability of the intestate, but upon his liberality in making him compensation by way of legacy at his death. This might in morality constitute a reason why the deceased should have fulfilled the plaintiff’s expectations, and have given him the legacy; but it certainly affords no evidence of a legal contract to pay money. The services were rendered without an intention to charge on the part of plaintiff; and without any expectation on the part of the intestate, that he was to be required to pay for them. No rule is better settled that that services, which were rendered gratuitously, cannot constitute a consideration, on which the law would raise an implied promise to pay for them.
The case of Young v. Monpoey,* decided at Charleston, and several other succeeding cases, conforming to that decision, have established beyond all doubt the distinction between ac *311 knowlodgments made before, and after the statute had run out.g In the former, a slight acknowledgment will prevent the opera-1 tion of the statute *!Jn the latter, there must be either an express] promise to pay, or “ an unqualified and direct admission of a] subsisting debt, which the party is liable or willing to pay.”] Bell v. Morrison, 2 Peters, 362.
It is true, that whether this has been made out, is always matter of evidence: and upon it the jury are to pass: but it is the duty of the Court to instruct them, whether, in law, the case proved will be sufficient to prevent the statute of limitations from barring the plaintiff’s claim. ,It is the duty of the jury to conform to this instruction: they have no right to say, that although the evidence does not satisfy the rules of law, yet it satisfies us, and therefore we will find as we please. Their verdict must be both according to law and evidence. The motion for a new trial is granted.

 Vide, ante, p. 278.